Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SANDADI V. REDDY,

*Plaintiff,*

v.

ATUL K. PATEL, GHANSHYAM PATEL a/k/a SAM PATEL, DHARMENDRA BAROT AND EAST HANOVER HOEL AND CONFERENCE HOSPITALITY, LLC a/k/a RAMADA,

*Defendants.*

Civil Action No. 16-8256

OPINION

## John Michael Vazquez, U.S.D.J.

The present matter comes before the Court on the motion of Defendants Atul Patel ("Patel"), Dharmendra Barot ("Barot," with Patel the "Individual Defendants") and East Hanover Hotel and Conference Hospitality, LLC ("East Hanover," collectively, "Defendants")[1] to dismiss Counts II - VI of Plaintiff's Complaint for failure to state a claim pursuant to Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure.[2] The motion is unopposed. This action arises out of a failed investment by Defendants Patel and Barot. The motion was decided without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. The Court

---

[1] The remaining Defendant, Ghanshyam Patel, appears to not join in Defendants' motion. Defendants allege that Ghanshyam Patel "has still not been properly served." D.E. 7 at 1 n.1. Therefore, this Opinion does not affect the Complaint with respect to Ghanshyam Patel.

[2] Defendants' motion will be referred to hereinafter as "Def. Br." (D.E. 7).

has considered Defendants' submissions, conducted an independent review of the issues, and grants Defendants' motion to dismiss Counts II through VI without prejudice.

## I. BACKGROUND & PROCEDURAL HISTORY

The following facts are derived from Plaintiff's Complaint ("Compl."). D.E. 1 Ex. A.[3] The Individual Defendants are the owners and landlords of a building in East Hanover, New Jersey (the "Premises"). Compl. ¶ 6. In or around September 2011, the Individual Defendants approached Plaintiff to discuss a new business opportunity. *Id.* ¶ 8. Specifically, the Individual Defendants wanted Plaintiff to help fund the purchase and management of a hotel, East Hanover, that would operate at the Premises. *Id.* ¶ 9. The Individual Defendants proposed that, in return for Plaintiff's time and monetary contributions, Plaintiff "would be made a shareholder in [East Hanover] and share in the profits and have a say in the day[-]to[-]day operations and decision making." *Id.* ¶ 10.

Plaintiff agreed, and on October 17, 2011 he transferred $250,000 to an account that Defendants established for East Hanover. *Id.* ¶ 12. Plaintiff subsequently transferred an additional $100,000 to the account on October 18, 2011. *Id.* ¶ 12. Plaintiff alleges that he was led to believe that each individual would be contributing to renovations at the Premises, and that "they were all to be shareholders." *Id.* ¶¶ 15, 16. After providing a total of $350,000 towards renovations, "the relationship between [P]laintiff and [D]efendants began to break down." *Id.* ¶ 17. Plaintiff demanded that shareholder and partnership documents be drafted to no avail. *Id.* ¶ 18. Plaintiff also requested multiple times to inspect the books and tax returns of East Hanover but was denied every time. *Id.* ¶ 19.

---

[3] When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

2

Between April 2012 and March 2013, "[D]efendants would give the impression to [P]laintiff that they were in the middle of finally drafting all documents and that [Plaintiff] would be receiving returns on his investments 'soon.'" *Id.* ¶ 20. However, "[t]o date, Plaintiff has not received a single penny from [D]efendants for his initial contributions," and Plaintiff alleges that "[D]efendants are indebted to [him] in the sum of $350,00.00." *Id.* ¶ 21.

Plaintiff filed his Verified Complaint on September 6, 2016 in the Supreme Court of New York, Queens County, asserting six causes of action against Defendants. D.E. 1 Ex. A. Subsequently, Defendants removed the action to the Eastern District of New York. D.E. 1. Defendants then sought to have Plaintiff's Complaint dismissed for lack of personal jurisdiction, or in the alternative, transferred to the District of New Jersey. D.E. 4. The parties appeared before Judge Garafuis on October 27, 2016, at which time Plaintiff consented to have this matter transferred to the District of New Jersey. Currently pending before this Court is Defendants' motion to dismiss Counts II, III, IV, V, and VI of Plaintiff's Complaint. As noted, the motion is unopposed.[4]

## II. STANDARD OF REVIEW

---

[4] In New York state court and in the Eastern District of New York, Plaintiff was represented by Avish Dhaniram, Esquire. D.E. 1. Once the case was transferred to the District of New Jersey, the Clerk's Office filed a letter stating that Dhaniram was not a member of the Federal Bar of New Jersey, and that, pursuant to Local Civil Rule 101.1, Dhaniram is responsible "for having a member of the Bar of [New Jersey] file on appearance [on behalf of Plaintiff]." D.E. 6. When no appearance was made on behalf of Plaintiff, the Court contacted Mr. Dhaniram to determine the status of Plaintiff's representation. He said he had transferred Plaintiff's file to a New Jersey attorney and gave the Court the attorney's contact information. The Court then contacted the New Jersey attorney who said that he was waiting to hear from Plaintiff to see if he had been retained. The Court has not heard from Plaintiff or the New Jersey attorney since. Therefore, the Court considers Plaintiff *pro se* for the purposes of this motion. However, since the Complaint was drafted by an attorney, the Court need not construe Plaintiff's pleadings liberally when ruling on the pending motion to dismiss.

3

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is *plausible on its face.*" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. Syneevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

"Independent of the standard applicable to Rule 12(b)(6) motions, Rule 9(b) imposes a heightened pleading requirement of factual particularity with respect to allegations of fraud." *In*

*re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). Thus, pursuant to Rule 9(b), when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake . . . [m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). A party alleging fraud must therefore support its allegations with factual details such as "the who, what, when, where and how of the events at issue." *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016). Accordingly, "[t]o satisfy the particularity standard, 'the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.'" *Feingold v. Graff*, 516 F. App'x 223, 226 (3d Cir. 2013) (citing *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)). This heightened pleading standard is designed to "ensure that defendants are placed on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of fraud." *Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989) (internal quotation marks omitted).

**III. DISCUSSION**

Counts II, III and V

Plaintiff appears to bring Counts II, III and V on behalf of shareholders of East Hanover. *See* Compl. ¶¶ 22-30, 34-39. Count II seeks "unpaid dividends" and alleges that "[East Hanover] has failed to prepare and distribute to the shareholders any annual financial reports or information." *Id.* ¶ 25. Count III seeks damages for "unauthorized payments," based on allegations that the Individual Defendants failed to administer the affairs of the corporation, keep accurate records, and perform their duties as directors and officers. *Id.* ¶¶ 26-29. This, alleges Plaintiff, has caused "shareholders [to be] damaged and the [I]ndividual [D]efendants [to] receive[] substantial

5

unauthorized income aggregating in excess of $100,000.00." *Id.* ¶ 30. Under Count V, Plaintiff brings an action for Defendants' breach of their fiduciary duties, "to both the corporation and to the other shareholders." *Id.* ¶ 37.

Defendants argue that Plaintiff was not a shareholder or member of East Hanover and therefore cannot bring suits on behalf of East Hanover or its shareholders. Def. Br. at 4-5.

In his Complaint, Plaintiff alleges that, in return for his "time and monetary contributions," he "would be made a shareholder in [East Hanover]." Compl. ¶ 10. Plaintiff goes on to explain how he transferred money to East Hanover, as promised, but received nothing in return. *Id.* ¶¶ 12-21. In fact, Plaintiff states that "on many occasions after funding the renovations, [he] demanded that the shareholder and partnership documents be draft[ed]." *Id.* ¶ 18. Plaintiff therefore fails to allege, as his Complaint currently stands, that he ever became a shareholder or member of East Hanover, an essential element in shareholder derivative actions. *See* N.J.S.A. 42:2C-69 ("[A] derivative action . . . may be maintained only by a person that is a member [of the LLC] at the time the action is commenced."); *In re PSE & G S'holder Litig.*, 173 N.J. 258, 277 (2002) ("[A] shareholder derivative action *permits a shareholder* to bring suit against wrongdoers on behalf of the corporation, and it forces those wrongdoers to compensate the corporation for the injury they have caused.") (emphasis added). As the Court understands the current allegations, Plaintiff is complaining that he should have been made a shareholder but never was. The Court will dismiss Counts II, III and V without prejudice.

Count IV

Count IV is a claim for "fraud and conversion." Compl. ¶¶ 31-33. Plaintiff asserts that "upon information and belief, [East Hanover] generates a substantial daily gross sale amount and

is indebted to the plaintiff for their shares of the sales." *Id.* ¶ 32. Defendants contend that this allegation falls far short of the heightened pleading requirement for fraud. Def. Br. at 4-5.[5]

To state a claim for common law fraud in New Jersey, a plaintiff must allege: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997). Additionally, as discussed, Rule 9(b) requires heightened pleading in instances of fraud, which includes "precise allegations of date, time or place." *Naporano Iron & Metal Co. v. Am. Crane Corp.*, 79 F. Supp. 2d 494, 511 (D.N.J. 1999).

In Plaintiff's fraud claim he states that he has been deprived of the "shares of the sales" allegedly owed to him. Compl. ¶ 32. Because of this, Plaintiff argues that he had been damaged in an amount greater than $500,000. *Id.* ¶ 33. The only element of common law fraud that Plaintiff potentially pleads is damages (although he fails to adequately explain how he reached the damage amount in light of his investment). He fails to plead (1) any material fact that was misrepresented by Defendants; (2) with Defendants knowing it was false; (3) Plaintiff's reliance on the misrepresentation; and (4) any allegation that Defendants intended Plaintiff to rely on it. Thus, Count IV falls short of a plausible claim for common law fraud and this count is dismissed without prejudice.

Plaintiff also fails to plausibly plead a claim for conversion. The elements of conversion are: "(1) the property and right to immediate possession thereof belong to the plaintiff and (2) the

---

[5] Defendants also argue that the allegations in Count IV are barred by the economic loss doctrine because they arise out of the same alleged breach as Count I. *Id.* at 6. Since the Court is dismissing Count IV based on the pleading standard, it will not address the economic loss doctrine at this time. However, if Plaintiff files an amended complaint, Defendants are not precluded from raising the issue concerning the economic loss doctrine in the future.

7

wrongful act of interference with that right by the defendant." *Latef v. Cicenia*, No. A-5747-13T2, 2015 WL 10458543, at *5 (N.J. App. Div. Mar. 14, 2016) (internal quotation marks omitted). Plaintiff fails to allege either element and therefore his conversion claim is dismissed without prejudice.

Count VI

In Count VI, Plaintiff requests "reasonable attorney fees in an amount not less than $10,000.00 for the commencement and legal representation in this matter." Compl. ¶ 42. Plaintiff does not state any statute or other law pursuant to which he seeks such fees.

Generally, New Jersey adheres to the "American Rule," "which prohibits recovery of counsel fees by the prevailing party against the losing party." *In re Estate of Vayda*, 184 N.J. 115, 120 (2005). New Jersey has codified specific instances where, "in the absence of a separately enabling statute or contract, fee shifting is permitted." *Id*. Here, Plaintiff has not pled any basis upon which to recover counsel fees should he prevail on any of the asserted claims. Therefore, Count VI is dismissed without prejudice.

## IV. CONCLUSION

In sum, the Court **GRANTS** Defendants' motion to dismiss. Counts II, III, IV, V and VI are dismissed without prejudice. Plaintiff has thirty (30) days to file an amended complaint that cures the deficiencies set forth herein, if he so chooses. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from bringing any of these counts in this or any future suit against Defendants concerning the allegations in the complaint. An appropriate Order accompanies this Opinion.

**Date:** May 1, 2017

_____
JOHN MICHAEL VAZQUEZ
UNITED STATES DISTRICT JUDGE