Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SANDIDI V. REDDY,

    *Plaintiff,*

v.

ATUL K. PATEL, HGANSHYAM PATEL a/k/a SAM PATEL, DHARMENDRA BAROT a/k/a EAST HANOVER HOTEL AND CONFERENCE HOSPITALITY, LLC a/k/a RAMADA,

    *Defendants.*

Civil Action No. 16-8256 (JMV) (JBC)

**OPINION**

**John Michael Vazquez, U.S.D.J.**

The present matter concerns an alleged payment made by Plaintiff Sandadi V. Reddy ("Plaintiff") to Defendants Atul K. Patel, Dharmendra Barot (collectively, the "Individual Defendants"), and East Hanover Hotel and Conference Hospitality, LLC, a/k/a Ramada ("East Hanover") (collectively, "Defendants"). Plaintiff claims that the payment was an investment in a business and that Defendants promised to make Plaintiff a shareholder with rights to profits and management participation. Plaintiff asserts that he was never made a shareholder and was not involved in management of the business. Currently pending before the Court is Defendants' motion to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). D.E. 18. The Court reviewed the submissions in support and in opposition,[1] and considered the motion

---

[1] Plaintiff's Amended Complaint will be referred to hereinafter as "Am. Compl." (D.E. 15); Defendants' brief in support of their motion to dismiss the Amended Complaint will be referred to hereinafter as "Defs. Br." (D.E. 18); Plaintiff's brief in opposition will be referred to

without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendants' motion to dismiss is **GRANTED**.

I. **BACKGROUND**

A. **Procedural History**

On June 15, 2016, Plaintiff filed a Complaint in New York state court. D.E. 1, Ex. A. Defendants removed the case to the United States District Court for the Eastern District of New York on October 6, 2016. D.E. 1. The case was transferred to this District on October 27, 2016, D.E. 5, and assigned to this Court on November 7, 2016.

On May 1, 2017, the Court dismissed Counts Two, Three, Four, Five, and Six of Plaintiff's Complaint without prejudice. D.E. 9, 10. On May 31, 2017, Plaintiff filed an Amended Complaint ("Am. Compl."). D.E. 15. Defendants filed a motion to dismiss Plaintiff's Amended Complaint on June 20, 2017. D.E. 18. Plaintiff filed opposition, D.E. 22, to which Defendants replied, D.E. 23.

B. **Factual Background**[2]

According to Plaintiff, in September 2011, Defendants approached him to discuss an investment to lease and manage a hotel. Am. Compl. at ¶ 8. Defendants wanted Plaintiff to provide funds to purchase the hotel. *Id*. at ¶ 9. In exchange for the funding, Plaintiff would become a shareholder of Defendant East Hanover, receive a ratable share of the profits, and could participate in the day-to-day management of the entity. *Id*. at ¶ 10. On October 17, 2011, Plaintiff wired $250,000.00 to an account controlled by East Hanover. *Id*. at ¶ 11. On October 18, 2011, Plaintiff

---

hereinafter as "Opp. Br." (D.E. 22); Defendants' reply brief will be referred to hereinafter as "Defs. Reply." (D.E. 23).

[2] The factual background is taken from the Plaintiffs' Amended Complaint, D.E. 15. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

2

transferred another $100,000.00. *Id.* at ¶ 12. Plaintiff was told that documents reflecting the ownership of the business and related operating agreements would be forthcoming – including on two specific occasions in April 2012 and April 2013 – but the documents were never provided. *Id.* at ¶¶ 14, 16. Plaintiff claims he repeatedly demanded the right to inspect the business' books and records, as well as tax reporting documents, but his requests were denied. *Id.* at ¶¶ 15, 17. Plaintiff has not received any documents that reflect the ownership, participation, and right to income he claims he was promised. *Id.* at ¶ 18. Plaintiff at one point alleges that he has not received any funds, either as a return or dividend on the funds he invested, or any refund of his investment, *id.* at ¶ 18, but later claims that he received nine payments of $6,000.000, *id.* at ¶ 30.

### C. The Court's Previous Opinion

On May 1, 2017, the Court issued an opinion dismissing Counts Two, Three, Four, Five, and Six of Plaintiff's Complaint without prejudice.[3] D.E. 9 ("Original Opinion"). Counts Two, Three, and Five appeared to bring an action in his capacity as a shareholder for "unpaid dividends," "unauthorized payments," and breaches of fiduciary duties. *See* Original Opinion at 5-6 (citations to Complaint omitted). The Court dismissed these counts without prejudice because Plaintiff failed to allege that he ever became a shareholder or member of East Hanover, a required element. Original Opinion at 6. Count Four brought an action for "fraud and conversion." Original Opinion at 6 (citations to Complaint omitted). The Court dismissed Count Four without prejudice because Plaintiff failed to plausibly plead any of the required elements of common law fraud. Original Opinion at 7. Count Six requested "reasonable attorney fees in an amount not less than $10,000.00 for the commencement and legal representation in this matter." Original Opinion at 8 (citing

---

[3] Defendants' motion to dismiss Plaintiff's Complaint only requested dismissal of Counts Two, Three, Four, Five, and Six. D.E. 7.

3

Complaint at ¶ 42). The Court dismissed this count without prejudice because Plaintiff failed to identify any basis on which he requested fees. Original Opinion at 8.

### D. Plaintiff's Amended Complaint

Plaintiff filed an Amended Complaint on May 31, 2017. D.E. 15 ("Am. Compl."). The Amended Complaint brings seven counts with essentially identical factual claims and somewhat similar legal claims as Plaintiff's original Complaint. Counts One and Two state various allegations but fail to identify any specific causes of action. Am. Compl. at ¶¶ 19-31. For example, Count One indicates that Plaintiff was not provided with any documents reflecting his investment, that Defendants failed to diligently manage the affairs of East Hanover, that business documents should exist, that Plaintiff has been "cut out" of the business, that Plaintiff had several expectations as to his investment, and that he wanted a return of his $350,000.00, among other things. *Id.* at ¶¶ 19-31. Count Two refers to "distributions," noting that Plaintiff has received a total of $54,000 from nine payments but asserting that he was entitled to a greater amount. *Id.* at ¶¶ 29-31. Count Three brings an action for a breach of fiduciary duties for failure to properly manage funds. *Id.* at ¶¶ 32-37. Count Four brings actions for fraud, conspiracy to commit fraud, and conversion. *Id.* at ¶¶ 38-42. Counts Five and Six assert actions under N.J.S.A. 42:2C-48, which addresses dissolutions. *Id.* at ¶¶ 43-58. However, both counts also include other somewhat confusing allegations. For example, Count Six indicates that Plaintiff has no adequate remedy at law, *id.* at ¶ 52, indicating that he is seeking injunctive relief. But Plaintiff then requests both compensatory and punitive damages. *Id.* at ¶ 58a, e. Count Seven brings a claim for unjust enrichment. *Id.* at ¶¶ 59-61.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under the rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). A court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

## III. ANALYSIS

As an initial matter, Plaintiff injects entirely new factual evidence (in the form of emails) in his opposition brief. Plaintiff cannot amend its pleadings with his brief or attachments thereto. *Janowski v. City of N. Wildwood*, 259 F. Supp. 3d 113, 120 (D.N.J. 2017) (holding that it is "'axiomatic that the complaint may not be amended by the briefs in opposition to a motion to

5

dismiss'") (quoting *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)). Accordingly, the Court will not consider this information.

Moving to the content of the Amended Complaint, Plaintiff's counts are far from clear. Plaintiff's overriding claim is that he made an investment with Defendants and never received the benefits he was promised – including rights to ownership, management, and income from the business. However, the Court is largely left to guess what causes of action Plaintiff's claims intend to bring. In fact, the only clear takeaway from Plaintiff's pleadings is that Plaintiff engaged in almost no effort to clarify the deficiencies identified in the Court's Original Opinion dismissing his Complaint. Nevertheless, the Court examines the claims brought in Plaintiff's Amended Complaint in turn.

### A. Count One

Count One brings a mishmash of allegations with no definitive cause of action stated. For example, Plaintiff claims that "no documents which reflect the investment by Plaintiff in the form of [an] operating agreement, no K-1 for tax reporting and accounting for distributions and dividends among participants have ever been provided." Am. Compl. at ¶ 21; *see id.* at ¶ 22. Plaintiff claims that he has "been cut out of this business and it's [sic] activities by the Defendants for which the Plaintiff has been damaged." *Id.* at ¶ 24. Plaintiff claims that he expected to have "a percentage ownership of this business," "a participation in the management of this business," and "a position of Officer and Director in the entity with powers to direct the affairs of the business." *Id.* at ¶ 25. Plaintiff never cites any statute, cause of action, or other vehicle by which he requests relief.

In sum, the Court is left to guess what type of claim is brought by Count One. Accordingly, because the Court cannot readily discern a cause of action, except for Plaintiff's request for a judgment, Count One is dismissed.

### B. Count Two

Count Two alleges that "sizeable distributions have been made to the individual Defendants . . . with the business entity being the source of these distributions however no distributions were made to Plaintiff except for approximately nine (9) payments of Six Thousand ($6,000.00) Dollars." *Id.* at ¶ 30. Plaintiff claims that he "should be receiving the same percentage of distribution as other investors but has been denied these amounts." *Id.* at ¶ 31.

However, Plaintiff fails to cite any statute, cause of action, or other vehicle by which he requests relief based on these allegations. Accordingly, Count Two does not properly plead a cause of action and is dismissed.

### C. Count Three

Count Three claims that the Defendants, "as principals of the business entity, have a fiduciary duty to act on behalf of this entity, which includes the monitoring of funds advanced by investors and their responsibility to produce the documents represented to be part of the inducement to secure funds to Plaintiff." *Id.* at ¶ 35. Plaintiff further alleges that the Defendants "failed in their duty to monitor the money advanced and manage these funds . . . and failed in their duty to create documents to reflect the percentage of ownership to which each investor subscribed when presenting money." *Id.* at ¶ 36. Based on this, Plaintiff alleges that he "has been financially damaged and caused to experience loss, cost, expense, and has been deprived income and growth potential for the investment referenced." *Id.* at ¶ 37.

The Court believes that Plaintiff attempts to bring a claim for a breach of fiduciary duties. In his original Complaint Plaintiff, failed to claim that he became a member or shareholder of the business. *See* Original Opinion at 6 ("Plaintiff therefore fails to allege, as his Complaint currently stands, that he ever became a shareholder or member of East Hanover, an essential element[.]"). Plaintiff's Amended Complaint suffers from the same deficiency as Plaintiff continues to allege that he should have been made a shareholder but never was. Am. Compl. at ¶ 18. Plaintiff now tries to establish that he is a shareholder by attaching certain documents, including emails, to his opposition brief. *See* Pl. Opp. at Ex. A-H. However, as noted, Plaintiff may not amend his pleading in this manner. Plaintiff was given notice by the Original Opinion as to the deficiencies in his initial Complaint, but he has not properly addressed the deficiencies in his Amended Complaint. For this reason, Count Three is dismissed with prejudice.

### D. Count Four

Count Four attempts to bring three separate causes of action in a single count: (1) fraud, (2) conspiracy to commit fraud, and (3) conversion. Am. Compl. at ¶¶ 38-42. However, Plaintiff fails to specifically identify the elements of any of his claims, much less plausibly plead any of his allegations. Fraud claims are also subject to a heightened pleading standard under Federal Rule of Civil Procedure 9. Plaintiff states in a conclusory manner that Defendants engaged in fraud because he was "defrauded and caused to forward the referenced sum in exchange for a promise of investment in this business interest which the Defendants intentionally failed and/or refused to deliver." *Id.* at ¶ 40. While Plaintiff identifies that there was a material misrepresentation, more is required to plausibly plead a cause of action for fraud. *Allstate New Jersey Ins. Co. v. Lajara*, 222 N.J. 129, 147 (2015) ("The elements of common-law fraud are (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an

intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." (quotation omitted)). Similarly, Plaintiff fails to plausibly plead conspiracy or conversion, as he simply states in a conclusory manner that "Defendants all participated in a conspiracy to extract funds from Plaintiff for their personal benefit in conduct basically described as common law fraud, conspiracy to commit fraud, and conversion of the funds received." *Id.* at ¶ 41. Far more is required to meet the standard set by Rule 12(b)(6). *See MaxLite, Inc. v. ATG Elecs., Inc.*, 193 F. Supp. 3d 371, 395 n.19 (D.N.J. 2016) ("In New Jersey, civil conspiracy is a tort comprised of four elements: (1) a combination of two or more persons; (2) a real agreement or confederation with a common design; (3) the existence of an unlawful purpose, or of a lawful purpose to be achieved by unlawful means; and (4) proof of special damages." (quotation omitted)); *City of Atl. City v. Zemurray St. Capital, LLC*, No. 14-5169, 2017 WL 6638203, at *17 (D.N.J. Dec. 29, 2017) ("In New Jersey, the elements of the common-law tort of conversion are (1) the existence of property, (2) the right to immediate possession thereof belonging to plaintiff, and (3) the wrongful interference with that right by defendant." (citation omitted)).

Therefore, because Plaintiff fails to again plausibly plead any of his fraud or conversion allegations, Count Four is dismissed with prejudice.

### E. Count Five

Count Five alleges a violation of N.J.S.A. 42:2C-48 *et seq*. Plaintiff's Amended Complaint fails to provide any of the elements and fails to allege that he was a member or shareholder.[4] N.J.S.A. 42:2C-48 provides, in part, that:

> A limited liability company is dissolved, and its activities shall be wound up, upon the occurrence of any of the following:

---

[4] As noted *supra*, Plaintiff cannot amend his pleadings with his Opposition brief.

9

> . . .
> (4) *on application by a member*, the entry by the Superior Court of an order dissolving the company on the grounds that:
> > (a) the conduct of all or substantially all of the company's activities is unlawful; or
> > (b) it is not reasonably practicable to carry on the company's activities in conformity with one or both of the certificate of formation and the operating agreement; or
>
> (5) *on application by a member*, the entry by the Superior Court of an order dissolving the company on the grounds that the managers or those members in control of the company:
> > (a) have acted, are acting, or will act in a manner that is illegal or fraudulent; or
> > (b) have acted or are acting in a manner that is oppressive and was, is, or will be directly harmful to the applicant.

N.J.S.A. 42:2C-48 (emphases added). However, again, Plaintiff fails to allege in his Amended Complaint that he is a member of East Hanover, a necessary element under the sections of the statute possibly relevant to Plaintiff's claims under N.J.S.A. 42:2C-48.[5] Plaintiff also includes allegations that Defendants' actions constitute "fraud, mismanagement and breach of a fiduciary duty, which is implicit with the role of the Defendants." Am. Compl. at ¶ 46. Defendant again fails to plausibly plead these claims.

Therefore, Count Five is dismissed with prejudice.

**F. Count Six**

---

[5] The Court assumes Plaintiff brings his claims under N.J.S.A. 42:2C-48 sections four and five.

10

Count Six brings many of the same allegations as the previous counts, however the count states that "there is no adequate remedy available at law where the Plaintiff's investment has been emasculated and virtually converted by Defendants for their own personal use and purposes." Am. Compl. at ¶ 52. However, Plaintiff fails to request injunctive relief. Count Six continues by demanding that "the shares owned by Plaintiff . . . be purchased by Defendants to provide the Plaintiff compensation for the loss of the business opportunity that would have been available during the continuation of the business." *Id.* at ¶ 53. But Plaintiff never identifies the vehicle by which he requests this relief. Later, Plaintiff again references N.J.S.A. 42:2C-48 without alleging that Plaintiff was a member or shareholder of East Hanover. *See id.* at ¶¶ 54-56.

In sum, Count Six brings redundant claims under N.J.S.A. 42:2C-48 and requests relief without providing any plausibly pled causes of action. Accordingly, Count Six is dismissed with prejudice.

### G. Count Seven

Count Seven provides the clearest theory for relief and alleges that Defendants were unjustly enriched. Specifically, Plaintiff claims that Defendants were unjustly enriched because "the passage of money without exchange of assets having equivalent value unjustly enriches the Defendants such that these Defendants virtually got something for nothing." *Id.* at ¶¶ 60-61. However, Plaintiff fails to plausibly plead the necessary elements of unjust enrichment. "To state a claim for unjust enrichment, the plaintiff must prove: (1) the defendant received a benefit from the plaintiff; (2) retention of that benefit by the defendant without payment would be unjust; (3) plaintiff expected remuneration from defendant at the time he performed or conferred a benefit on defendant; and (4) the failure of remuneration enriched the defendant beyond its contractual rights." *Semeran v. Blackberry Corp.*, No. 15-00750, 2016 WL 406339, at *6 (D.N.J. Feb. 2,

2016) (quotations and brackets omitted). Accordingly, Count Seven is dismissed without prejudice.

## IV. CONCLUSION

In sum, the Court is left to guess as to what claims the majority of Plaintiff's causes of action attempt to bring. Plaintiff has already been provided an opportunity to remedy the deficiencies in his pleadings and has failed to do so. To the extent that the Court is not forced to guess, Plaintiff's pleadings are clearly deficient. Accordingly, Defendants' motion to dismiss is **GRANTED**. The claims previously dismissed by this Court are dismissed with prejudice. To be clear, claims based on the following theories are dismissed with prejudice: claims that require Plaintiff to plausibly alleged that he was a shareholder or member of East Hanover, breach of fiduciary duty, fraud, conspiracy to commit fraud, and conversation. To the extent that Plaintiff brings claims for breach of contract, unjust enrichment, or a similar theory of relief, these claims are dismissed without prejudice. Plaintiff has thirty (30) days to file another amended complaint, if he so chooses, consistent with this Opinion. If Plaintiff does not file an amended complaint within thirty (30) days, the dismissal of all remaining claims, along with this matter, will be with prejudice. An appropriate Order accompanies this Opinion.

Dated: June 5, 2018

John Michael Vazquez, U.S.D.J.