| | |
|---|---|
| SANDADI V. REDDY,<br><br>Plaintiff,<br><br>v.<br><br>ATUL K. PATEL, et al.,<br><br>Defendants. | Civil Action No. 16-8256 (JMV)<br><br>OPINION AND ORDER |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Defendant and Third-Party Plaintiff Ghanshyam Patel ("Sam") to disqualify Archer & Greiner, P.C. ("Archer Law") from the representation of Defendant Atul K. Patel ("Atul") and Defendant Dharmendra Barot ("Barot") (collectively herein "Defendants") [Dkt. No. 40]. Additionally, Sam's motion requests that the Court restrain Defendants from using company assets to pay their attorneys [Dkt. No. 40]. Atul and Barot oppose Sam's motion [Dkt. No. 46]. For the reasons set forth below, Sam's motion [Dkt. No. 40] is **DENIED**.

**I.    BACKGROUND**

Plaintiff Sandadi Reddy ("Plaintiff") initiated this action against Defendants and Sam by filing a Verified Complaint in Supreme Court of the State of New York, Queens County, which was later removed to the Eastern District of New York pursuant to 28 U.S.C. § 1441 and subsequently transferred to this District [Dkt. Nos. 1, 5]. On January 31, 2019, Sam filed an Answer to the Amended Complaint, Cross-Claims and Third-Party Complaint asserting individual and derivative claims against Defendants, and also asserting cross-claims against East Hanover Hotel and Conference Hospitality LLC ("Hospitality"). *See* Dkt. No. 32. Sam's claims include

1

breach of contract, membership oppression, breach of fiduciary duties and fraud regarding the ownership and management of the subject hotel business. Dkt. No. 32. On or about February 15, 2019, Hospitality filed its Answer to Sam's crossclaims, which denied all claims and stated that Sam "is not a member of Hospitality." Dkt No. 36. On or about February 28, 2019, Defendants answered Sam's Crossclaims and Third-Party Complaint and denied all claims by Sam [Dkt. No. 38].

**Hotel Business Structure**

The ownership structure of the subject hotel business can be described as follows: Hospitality holds 100%-member interest in East Hanover Associates LLC ("EH Associates"), which owns the subject hotel and leases the subject hotel premises. *See* Dkt. No. 40-2 at p. 2; Dkt. No. 46-3, ¶ 3(a)-(b). In turn, East Hanover Hotel and Conference Management LLC ("Management") held a fifty percent (50%) ownership interest in Hospitality. Dkt. No. 40-2 at p. 2; Dkt. No. 46-3, ¶ 3(c).[1] The parties do not dispute that initially Atul, Barot, and Sam each held 1/3 member interest in Management. Dkt. No. 40-2 at p. 2; Dkt. No. 46-3, ¶¶ 3(d), 4. It is Atul and Barot's position that Sam relinquished and surrendered his ownership interest in Management in 2015, and Management was later dissolved in or about August 2017 with Atul and Barot assuming its membership interest in equal shares. Dkt. No. 46-3, ¶ 3(d). Sam, however, contends that he was a member of Management at its dissolution and now holds an interest in EH Associates through Hospitality. Dkt. No. 40-2 at pp. 4-5.

**Archer Law's Representation of Hotel Business Entities and Individuals**

Within the subject hotel business, it is undisputed that Archer Law has represented certain entities and individuals as discussed herein.

---

[1] East Hanover Route 10, LLC ("EHR10") holds the other 50% member interest in Hospitality [Dkt. No. 40-2 at p. 2; Dkt. No. 46-3, ¶ 3(c)].

### Archer Law's Representation of Hospitality

Archer Law represented Hospitality in an eviction action filed on or about August 29, 2016 captioned *Eric-Richard, LLC and East Hanover Ramada Addition v. East Hanover Hotel and Conference Hospitality, LLC d/b/a Fairbridge Inn*, Superior Court of New Jersey, Law Division, Morris County, Special Part, Landlord/Tenant Division, No. LT-1957-16. Dkt. No. 46-3, ¶ 5. On or about December 9, 2016, the court granted Hospitality's motion to dismiss with respect to one claim, and the remainder of the action was resolved by way of a Stipulation of Dismissal and Stipulation of Settlement dated January 9, 2017. Dkt. No. 46-3, ¶¶ 6-7, Exs. F-H.

### Archer Law's Representation of EH Associates

Archer Law represented EH Associates in a civil action filed on or about September 19, 2016 captioned *AIMS Capital Investments, LLC v. EH Associates, LLC, Eric-Richard, LLC and East Hanover Ramada Addition*, Superior Court of New Jersey, Chancery Division, Morris County, No. C-108-16. Dkt. No. 40-2 at p. 6 n.2; Dkt. No. 46-3, ¶ 8, Ex. I. AIMS Capital Investments, LLC later amended its complaint naming Atul and Barot as individual defendants. Dkt. No. 46-3, ¶ 12. On or about May 18, 2018, Archer Law withdrew from representation of EH Associates, but continued to represent Barot and Atul. Dkt. No. 46-3, ¶ 13, Ex. L. The lawsuit thereafter ended in a confidential settlement agreement with a Stipulation of Dismissal filed on or about June 19, 2018. Dkt. No. 46-3, ¶ 14, Ex. M.

### Archer Law's Involvement in the EHR10 Action

On or about December 20, 2016, EHR10 and its members filed an action against Management, Atul, Barot and Sam captioned *East Hanover Route 10 LLC, et al v. East Hanover Hotel and Conference Management, LLC, et al*, Superior Court of New Jersey, Morris County,

3

No. L-2787-16. [2] Dkt. No. 46-3, ¶ 17. On or about June 19, 2018, the parties entered into a confidential settlement agreement. Dkt. No. 46-3, ¶ 21, Ex. P. Archer Law did not enter an appearance in this action but states it did have limited involvement in negotiating the settlement agreement on behalf of Atul and Barot. Dkt. No. 46-3, ¶ 22. At the time of the settlement, it is Defendants' position that Management no longer existed as an entity and Sam had already relinquished his interest. Dkt. No. 46-3, ¶¶ 3(d), 22. As a result of the settlement with EHR10 and its members, Atul and Barot maintain that they each assigned 15% of their 25% interest to EHR10, leaving them each a 10% membership interest in Hospitality. Dkt. No. 46-3, ¶ 23.

Based on the foregoing, Sam argues that Archer Law's previous representation of EH Associates and Hospitality, and believed current representation of EH Associates, presents a conflict of interest in this litigation because Sam has brought derivative claims on behalf of EH Associates and Hospitality as an alleged minority member.

## II. DISCUSSION

### Motion to Disqualify

Local Civil Rule 103.1(a) governs issues of professional ethics and provides that "[t]he Rules of Professional Conduct of the American Bar Association ("RPC"), as revised by the New Jersey Supreme Court, shall govern the conduct of members of the bar admitted to practice" in this District. *See* L. Civ. R. 103.1(a). Accordingly, "New Jersey courts are the primary authority when applying the Rules of Professional Conduct to controversies." *Chi Ming Yau v. He Cheng Rest. Corp.*, No. 12-6754, 2015 WL 3540596, at *4 (D.N.J. June 2, 2015).

New Jersey has "long recognized that 'a motion for disqualification calls for [the Court] to balance competing interests, weighing the need to maintain the highest standards of the profession

---

[2] The action was subsequently transferred to the Chancery Division under Docket No. MRS-C-16-18. Dkt. No. 40-2 at p. 6 n.4; Dkt. No. 46-3, ¶ 17.

against a client's right freely to choose his counsel.'" *Twenty-First Century Rail Corp. v. New Jersey Transit Corp.*, 210 N.J. 264, 273, 44 A.3d 592, 597 (2012) (citation omitted). However, "[d]isqualification of counsel is a harsh discretionary remedy which must be used sparingly." *Cavallaro v. Jamco Prop. Mgmt.*, 334 N.J. Super. 557, 572, 760 A.2d 353, 361 (App. Div. 2000); *see also Alexander v. Primerica Holdings, Inc.*, 822 F. Supp. 1099, 1114 (D.N.J. 1993) ("[D]isqualification is considered a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'"). "Although doubts are to be resolved in favor of disqualification, the party seeking disqualification must carry a 'heavy burden' and must meet a 'high standard of proof' before a lawyer is disqualified." *Carlyle Towers Condominium Ass'n, Inc. v. Crossland Sav.*, 944 F. Supp. 341, 345 (D.N.J. 1996) (quoting *Alexander*, 822 F. Supp. at 1114); *see also Rohm & Haas Co. v. Am. Cyanamid Co.*, 187 F. Supp. 2d 221, 226–27 ("A party seeking disqualification must meet a 'heavy burden' of proof before a court will disqualify an attorney or law firm."). Such disfavor results because disqualification can be used for "tactical reasons" and "inevitably cause delay" in the proceedings. *Carlyle Towers Condominium Ass'n, Inc.*, 944 F. Supp. at 345 (citation and quotations omitted).

Sam contends that Defendants' counsel should be disqualified because their representation violates RPC 1.7(a) and RPC 1.9. *See* Dkt. No. 40-2 at pp. 6-9. RPC 1.7(a) provides in relevant part:

> [A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

"Rule 1.7 arises out of the fundamental proposition that attorneys owe a duty of undivided loyalty to their clients." *High 5 Games, LLC v. Marks*, No. 13-7161, 2018 WL 2278103, at *3 (D.N.J.

5

May 18, 2018). Likewise, RPC 1.9 states

> [a] lawyer who has represented a client in a matter shall not thereafter represent another client in the same or a substantially related matter in which that client's interests are materially adverse to the interests of the former client unless the former client gives informed consent confirmed in writing.

Thus, the threshold issue the Court must consider with respect to both RPC 1.7 and RPC 1.9 is whether Sam can be considered a current client, or former client, of Archer Law.

Sam does not argue that he has been individually represented by Archer Law, but rather that Archer Law represents, and represented, the entities Sam now seeks to bring derivative claims on behalf of as an alleged minority member. Dkt. No. 40-2 at pp. 8-9. Sam cites *Comando v. Nugiel*, 436 N.J. Super. 203, 216, 93 A.3d 377, 385 (App. Div. 2014) in support of his position. Dkt, No. 40-2 at p. 7. In *Commando*, the plaintiff, who had brought individual claims and derivative claims on behalf of an LLC company she owned with a defendant, sought to disqualify Norris McLaughlin & Marcus, PA ("NMM") from representing the defendants pursuant to RPC 1.7. *Id.* at 206, 213–14. Notably here, the plaintiff's status as a member in the company she sought to bring derivative claims on behalf of was established and uncontested. *See id.* at 209, 212. The Court then found that NMM had served as counsel to both the derivative plaintiff company and the defendant corporate entity in various capacities and still purported to currently represent both entities. *Id.* at 215–16. Therefore, the Court held that NMM's representation of the derivative plaintiff corporation and defendants "presented prima facie evidence of a concurrent conflict of interest." *Id.* at 216.

In the present matter, unlike *Commando*, the parties dispute whether Sam has any ownership interest in EH Associates through Hospitality, which makes Sam's argument a disputed litigation position, not a basis for disqualifying Archer Law. Sam's version of events is strongly disputed by Defendants who claim that Sam relinquished his interest in Management in 2015—

prior to Archer Law representing any of the subject entities or individuals—and holds no interest in Hospitality now. Dkt. No. 46-3, ¶ 3(d). Even Hospitality, who is presently represented by Lieberman & Blecher, PC in this litigation, denies that Sam is a member of Hospitality and EH Associates. *See, e.g.*, Dkt No. 36, ¶¶ 40-42.

The Court finds this factual situation to be more akin to that found in *Richardson v. Defazio*, No. A-4169-14T1, 2016 WL 854520, at *4 (N.J. Super. Ct. App. Div. Mar. 7, 2016), in which the New Jersey Appellate Division held that the court first had to rule on a motion to dismiss pertaining to disputed derivative claims before analyzing any conflicts of interest between the parties. Although not binding, the Court is persuaded that a New Jersey court would not disqualify counsel based on a potential conflict such as the one Sam presents at this time. It is undisputed that Atul and Barot hold an interest in Hospitality; however, Sam's interest is disputed by Defendants and Hospitality. Accordingly, the Court finds Sam's argument to be premature because the Court has yet to make a finding that Sam is a member of Hospitality, and therefore declines to disqualify Archer Law at this time, which has represented Atul and Barot since the commencement of this litigation, based on a potential conflict that may arise if Sam is later found to be a member of Hospitality. When the Court makes a finding with respect to Sam's status as a member of Hospitality, Sam may then re-assert his request for disqualification of Archer Law. Based on the foregoing, the Court finds that Sam has not carried his burden in establishing that disqualification of Archer Law is appropriate. Thus, Sam's motion to disqualify Archer Law is **DENIED without prejudice**.

**Motion to Restrain Defendants from Using Company Assets**

Sam additionally requests that this Court issue an order restraining Defendants from using company assets to pay for their individual attorneys. Dkt. No. 40-2 at p. 10. Sam has not otherwise

moved for a preliminary injunction in this matter or addressed the likelihood of success of his claims. The Court also has yet to find that Sam is indeed a member of Hospitality as discussed *supra*. Furthermore, Sam has failed to explain the irreparable harm he, or the companies, face if Defendants are not so restrained. Even if the Court later finds Defendants liable for misappropriation of company assets, monetary damages would be more than adequate compensation. *Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988) ("The availability of adequate monetary damages belies a claim of irreparable injury."). Accordingly, Sam's request for a restraining order is **DENIED.**

### III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 1st day of November, 2019,

**ORDERED** that Sam's motion to disqualify counsel [Dkt. No. 40] is **DENIED without prejudice**.

**ORDERED** that Sam's motion to restrain Defendants from using company assets to make payment to their attorneys [Dkt. No. 40] is **DENIED.**

 s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**
