<u>**Not for Publication**</u>

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SANDADI V. REDDY, | |
| *Plaintiff*, | |
| v. | Civil Action No. 2:16-cv-08256 |
| ATUL K. PATEL, et al., | **OPINION** |
| *Defendants*. | |

<u>**John Michael Vazquez, U.S.D.J.**</u>

In this case, Plaintiff claims that he gave Defendants $350,000 in exchange for a fifteen-percent interest in an entity which owned a hotel but that he never received such an interest. Plaintiff Sandadi V. Reddy brought this action against Atul K. Patel, Ghanshyam Patel a/k/a Sam Patel, Dharmendra Barot, and East Hanover Hotel and Conference Hospitality, LLC ("EHHCH"). Presently before the Court is Defendant Dharmendra Barot's unopposed motion for summary judgment. D.E. 105. The Court reviewed Barot's submissions[1] and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Barot's motion is **GRANTED**.

---

[1] The only submissions are Barot's motion for summary judgment, D.E. 105; the accompanying brief, D.E. 105-3 ("Br."); Barot's statement of undisputed material facts, D.E. 98-1; and an amended statement of undisputed material facts, which added record citations, D.E. 105-1 ("SUMF"). Plaintiff did not oppose Barot's letter seeking leave to file a motion for summary judgment, which Barot filed pursuant to the undersigned's judicial preferences. The Court ordered Plaintiff to file any opposition to the letter by September 30, 2022. D.E. 99. Plaintiff failed to file any opposition, and the Court accordingly granted Barot leave to file a motion for summary judgment and deemed Barot's statement of undisputed material facts to be uncontested for purposes of its motion. D.E. 100. Plaintiff also did not file any opposition to the current motion.

I.   **BACKGROUND**[2]

Plaintiff alleges that in or around September 2011, "Defendants, collectively, approached the Plaintiff, whom they had personally known, to discuss a new business venture, specifically the investment to lease and manage a [Ramada] hotel."  D.E. 26 ("SAC") ¶ 9.  After a series of emails, Plaintiff indicates that he agreed to purchase a fifteen-percent membership stake in EHHCH for $350,000. *Id.* ¶¶ 10-19, 33-35.  Plaintiff sent Defendants an initial wire of $250,000 on October 17, 2011, and an additional $100,000 on October 18, 2011. *Id.* ¶¶ 18-19.  Plaintiff claims, however, that he "was never provided with a partnership agreement" and that he "has not received his interest in [EHHCH] and was effectively bilked out of $350,000 by Defendants." *Id.* ¶ 31.

In his Second Amended Complaint, Plaintiff alleges causes of action for breach of contract (First Count), breach of the implied covenant of good faith and fair dealing (Second Count), unjust enrichment (Third Count), and tortious interference with prospective economic benefit (Fourth Count).[3]  Defendant Barot now seeks summary judgment as to all four counts.  D.E. 105.  No other party moved for summary judgment.  Plaintiff failed to oppose Barot's request for leave to file a motion for summary judgment and did not oppose the present motion.  Thus, Barot's statement of undisputed material facts is deemed uncontested for purposes of this motion.  D.E. 100; Fed R. Civ. P 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion" and

---

[2] The facts are drawn from Plaintiff's Second Amended Complaint, D.E. 26, and Barot's Statement of Undisputed Material Facts, D.E. 105-1.

[3] The Court previously dismissed with prejudice all of Plaintiff's claims that were "based on breach of fiduciary duty, fraud, conspiracy to commit fraud, conversion, or on the fact that plaintiff is a member or shareholder of Defendant [EHHCH]."  D.E. 25; D.E. 24.  The Court also dismissed Plaintiff's claims that were "based on breach of contract, unjust enrichment, or a similar theory of relief" without prejudice, and granted leave to amend.  D.E. 25; D.E. 24.  Plaintiff subsequently filed the Second Amended Complaint.

"grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it[.]").

Barot agrees that Plaintiff wired $350,000, but states that this money was paid exclusively to EHHCH.  SUMF ¶¶ 3-6.  For purposes of this motion, it is undisputed that "Plaintiff never made any payments personally to Barot[,] . . . Plaintiff had no contract with Barot[,] . . . Barot did not receive any portion of the $350,000 that Plaintiff wired to EHHCH[,]" and "Barot did not hold any membership interest in EHHCH when plaintiff wired the $350,000 to EHHCH."  SUMF ¶¶ 6-9.  Barot also states that "EHHCH returned to Plaintiff at least $155,000 of the $350,000 through a series of checks issued between December 2011 and May 2014."  SUMF ¶ 10.

## II.   LEGAL STANDARD

A moving party is entitled to summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material when it "might affect the outcome of the suit under the governing law" and is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Disputes over irrelevant or unnecessary facts will not preclude granting a motion for summary judgment.  *Id*.  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"  *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)); *see also Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (citation omitted) (the court must "view the facts in the light most favorable to the nonmoving party").  A court's role in deciding a

motion for summary judgment is not to evaluate the evidence and decide the truth of the matter but rather "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

A party moving for summary judgment has the initial burden of showing the basis for its motion and must demonstrate that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After the moving party adequately supports its motion, the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). To withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict the moving party. *Anderson*, 477 U.S. at 250. "[I]f the non-movant's evidence is merely 'colorable' or is 'not significantly probative,' the court may grant summary judgment." *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 528 (D.N.J. 2000) (quoting *Anderson*, 477 U.S. at 249-50)).

Ultimately, there is "no genuine issue as to any material fact" if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322. "If reasonable minds could differ as to the import of the evidence," however, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250-51. Where a party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

### III.    ANALYSIS

#### A. First Count – Breach of Contract

Plaintiff's First Count alleges breach of contract.  SAC ¶¶ 32-39.  To succeed on a breach of contract claim under New Jersey law,[4] a plaintiff must prove that (1) the parties entered into a contract; (2) breach of the contract; (3) damages as a result of the breach; and (4) that the complaining party performed its own duties under the contract.  *Pollack v. Quick Quality Rests., Inc.*, 172 A.3d 568, 576 (App. Div. 2017) (citing *Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016)).  It is uncontested that "Plaintiff had no contract with Barot."  SUMF ¶ 7.  And even if Plaintiff's contract with EHHCH could render the LLC's members liable, "Barot did not hold any membership interest in EHHCH" at the time of the purported agreement.  SUMF ¶ 9.  Because no contractual relationship existed between Plaintiff and Barot, Plaintiff's breach of contract claim against Barot fails as a matter of law and summary judgment is granted on the First Count.

#### B. Second Count – Breach of Implied Covenant of Good Faith and Fair Dealing

Plaintiff's Second Count alleges breach of the implied covenant of good faith and fair dealing.  SAC ¶¶ 40-45.  Under New Jersey law, inherent in every contract is "an implied covenant that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract."  *Bak-A-Lum Corp. of Am. v. Alcoa Bldg. Prods., Inc.*, 351 A.2d 349, 352 (N.J. 1976).  To succeed on a breach of implied covenant claim, "a plaintiff must prove that: (1) a contract exists between the parties; (2) the plaintiff performed under the terms of the contract; (3) the defendant acted in bad faith with the purpose of depriving the plaintiff of rights or benefits under the contract; and (4) the defendant's actions caused the

---

[4] Barot relies on New Jersey law in his motion, and the Court has previously applied New Jersey law in this matter in deciding two motions to dismiss.  D.E. 9, 24.  Thus, the Court will again apply New Jersey law.

plaintiff to sustain damages." *Luongo v. Village Supermarket, Inc.*, 261 F. Supp. 3d 520, 531-32 (D.N.J. 2017) (citation omitted).  "In the absence of a contract, there is no implied covenant of good faith and fair dealing." *Nolan v. Control Data Corp.*, 579 A.2d 1252, 1257 (App. Div. 1990) (citing *Noye v. Hoffman-La Roche Inc.*, 570 A.2d 12, 14 (App. Div. 1990)).  As explained above, it is undisputed that no contract exists between Plaintiff and Barot.  SUMF ¶¶ 6-9.  Thus, the claim for breach of the implied covenant of good faith and fair dealing fails as a matter of law, and summary judgment is granted for Barot on the Second Count.

### C.  Third Count – Unjust Enrichment

Plaintiff's Third Count alleges unjust enrichment.  SAC ¶¶ 46-50.  To succeed on an unjust enrichment claim under New Jersey law, a plaintiff must prove "'(1) that the defendant has received a benefit from the plaintiff, and (2) that the retention of the benefit by the defendant is inequitable.'"  *Hassler v. Sovereign Bank*, 644 F. Supp. 2d 509, 519 (D.N.J. 2009) (quoting *Wanaque Borough Sewerage Auth. v. Twp. of West Milford*, 677 A.2d 747, 753 (1996)).  "Since a plaintiff must confer a benefit on the defendant to support an unjust enrichment claim, this element has been interpreted by New Jersey courts as a requirement that the plaintiff allege a sufficiently direct relationship with the defendant to support the claim." *Snyder v. Farnam Cos.*, 792 F. Supp. 2d 712, 724 (D.N.J. 2011) (citation and internal quotation marks omitted).

It is undisputed that Plaintiff sent money only to EHHCH, "never made any payments personally to Barot," and that "Barot did not hold any membership interest in EHHCH when Plaintiff wired the $350,000 to EHHCH."  SUMF ¶¶ 3-9.  It is also undisputed that "Barot did not receive any portion of the $350,000 that Plaintiff wired to EHHCH."  *Id.* ¶ 8.  Thus, Barot did not receive any benefit from Plaintiff and the unjust enrichment claim fails as a matter of law. Summary judgment is granted on the Third Count as to Barot.

### D.  Fourth Count – Tortious Interference with Prospective Economic Benefit

Plaintiff's Fourth Count is for tortious interference with prospective economic benefit. SAC ¶¶ 51-55.  To succeed on this claim, Plaintiff must prove "'(1) a reasonable expectation of economic advantage from a prospective contractual or economic relationship; (2) the defendant intentionally and maliciously interfered with the relationship; (3) the interference caused the loss of the expected advantage; and (4) actual damages resulted.'"  *New Skies Satellites, B.V. v. Home2US Commc'ns, Inc.*, 9 F. Supp. 3d 459, 472 (D.N.J. 2014) (quoting *Am. Leistritz Extruder Corp. v. Polymer Concentrates, Inc.*, 363 F. App'x 963, 967 (3d Cir. 2010)).  Malice in this context does not refer to "ill will or spite toward the plaintiff, but rather it means an intentional doing of a wrongful act without justification or excuse."  *Herbert v. Newton Mem'l Hosp.*, 933 F. Supp. 1222, 1229-30 (D.N.J. 1996) (citation omitted).

Barot first argues that summary judgment on the Fourth Count is required by the economic loss doctrine.  Br. at 9-10.  "Under New Jersey law, a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law."  *Saltiel v. GSI Consultants, Inc.*, 788 A.2d 268, 316 (N.J. 2002) (citation omitted).  "The economic loss doctrine prohibits the recovery in a tort action of economic losses arising out of a breach of contract."  *Sun Chem. Corp. v. Fike Corp.,* 235 A.3d 145, 150 n. 2 (N.J. 2020)).  Thus, where a "tortious interference claim lacks any allegations that are separate and distinct from [the plaintiff's] breach of contract claim," the economic loss doctrine will bar recovery on the tort claim.  *Trico Equip., Inc. v. Manor*, No. 08-5561, 2011 WL 705703, at *4 (D.N.J. Feb. 22, 2011); *SRC Constr. Corp. of Monroe v. Atl. City Housing Auth.*, 935 F. Supp. 2d 796, 801 (D.N.J. 2013) (noting that the economic loss doctrine bars a tort claim where it "is not really a tort claim at all" but instead is "a contract claim in tort claim clothing").  This doctrine, however, "only applies to bar certain tort

7

claims *between parties to a contract*." *Id.* at 799 (emphasis in original). Thus, "the absence of a contract between a plaintiff and defendant . . . precludes the application of the economic loss doctrine." *Id.*; *Bedwell Co. v. Camden Cnty. Improvement Auth.*, No. 14-1531, 2014 WL 3499581, at *3 (D.N.J. July 14, 2014) (noting that "the existence of a contract with a third party" will not trigger application of the economic loss doctrine and that the doctrine precludes tort actions "only when the claimant and defendant had a contractual relationship themselves"). As explained above, Plaintiff and Barot were not parties to a contract and thus the economic loss doctrine does not bar a claim by Plaintiff against Barot.

Barot also argues that "Plaintiff cannot, as a matter of law, maintain a claim that Defendant Barot interfered in a purported contractual relationship *to which he allegedly [is] a party*." Br. at 10 (emphasis in original). But as explained above, it is undisputed that "Plaintiff had no contract with Barot." SUMF ¶ 7. Thus, while a tortious interference claim must be "directed against defendants who are not parties to the relationship," *Printing Mart-Morristown v. Sharp Elecs. Corp.*, 563 A.2d 31, 37 (N.J. 1989), Barot is undisputedly such a party.

Barot next asserts that "the record is completely barren of any indication that Defendant Barot engaged in any intentional wrongdoing, or that he had any part in allegedly 'interfering' with Plaintiff's ability to obtain an ownership interest in the business." Br. at 10. Barot continues that "the record contains no evidence of any 'malice' on part of Defendant Barot." *Id.* The Court agrees. There is no evidence before the Court demonstrating that Barot "intentionally and maliciously interfered with" Plaintiff's relationship with EHHCH. *New Skies Satellites*, 9 F. Supp. 3d at 472; *Anderson*, 477 U.S. at 250 (citation and internal quotation marks omitted) ("[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific

facts showing that there is a genuine issue for trial."). Thus, Plaintiff's claim for tortious interference fails as a matter of law, and summary judgment is granted on Count Four as to Barot.[5]

## IV.     CONCLUSION

For the reasons set forth above, Barot's motion for summary judgment is **GRANTED**. An appropriate Order accompanies this Opinion.

Dated: April 4, 2023

John Michael Vazquez, U.S.D.J.

---

[5] Barot further argues that if any claims survive against him, "Plaintiff should not be permitted to seek more than $195,000 in damages at trial" because it is undisputed that "EHHCH returned to Plaintiff at least $155,000 of the $350,000 through a series of checks issued between December 2011 and May 2014." Br. at 11; SUMF ¶ 10. Because summary judgment is granted in favor of Barot on all claims, the Court does not reach this issue.