<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SANDADI V. REDDY,<br><br>               Plaintiff,<br><br>v.<br><br>ATUL K. PATEL, et al.,<br><br>               Defendants. | Civil Action No. 16-08256-MCA-AME<br><br>**REPORT and RECOMMENDATION** |

**<u>ESPINOSA</u>**, Magistrate Judge

      This matter is before the Court on its *sua sponte* Order to Show Cause of September 29, 2023 (the "September 29 Order"), which directed Plaintiff Sandadi V. Reddy ("Plaintiff") and Defendant/Cross-Claimant/Third-Party Plaintiff Ghanshyam Patal a/k/a Sam Patel ("Sam Patel") to show cause, in person, before this Court on October 19, 2023, at 10:00 a.m., why the District Court should not dismiss their respective pleadings and claims with prejudice for failure to comply with Court orders and to prosecute their affirmative claims. [D.E. 130]. A response to the September 29 Order was due by October 13, 2023. No such response was filed, and neither Plaintiff nor Sam Patel appeared for the in-person show cause hearing. Having afforded both Plaintiff and Sam Patel ample opportunity to respond, the Court has proceeded to review the matter. For the following reasons, and good cause shown, this Court respectfully recommends that Plaintiff's and Sam Patel's respective pleadings and claims be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(b).

## I.     RELEVANT BACKGROUND

This action was removed to this Court on October 6, 2016. [D.E. 1]. On July 5, 2018, Plaintiff filed a second amended complaint and asserted claims against Sam Patel, Atul K. Patel ("Atul Patel"), Dharmendra Barot ("Barot"), and East Hanover and Conference Hospitality, LLC a/k/a Ramada ("Hospitality") (collectively, "Defendants"). [D.E. 26]. In response, Hospitality asserted crossclaims against Atul Patel, Sam Patel, and Barot [D.E. 28], and Sam Patel asserted crossclaims against Atul Patel, Barot, and Hospitality, as well as third-party claims against East Hanover Hotel and Conference Management, LLC ("Management").[1] [D.E. 32].

With the exception of Management, which has not appeared in this action, these parties were all represented by counsel either throughout or at least at some point during the litigation. Counsel for Sam Patel, Hospitality, Atul Patel, and Plaintiff withdrew from the action on or about September 23, 2021, February 25, 2022, May 31, 2022, and August 17, 2023, respectively. [D.E. 77, 91, 96, 121]. No attorney entered an appearance on behalf of these parties following these withdrawals, and the individual parties have thus been proceeding *pro se* by operation of the Court's Orders.[2] Notably, since their respective counsel withdrew, Sam Patel, Hospitality, Atul Patel, and Plaintiff have all failed to appear for every conference held in this action.[3]

Fact discovery formally closed on April 7, 2022 [*see* D.E. 90], and, currently, all claims have been dismissed but for some of Plaintiff's and Sam Patel's claims. [*See* D.E. 128, 129].

---

[1] Management is a separate entity from Hospitality that shares a close but different name. It does not appear that Sam Patel has ever served Management with the third-party complaint.

[2] Unlike individuals, Hospitality could only appear in federal court through a licensed attorney. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993).

[3] Since September 23, 2021, the Court has held approximately ten conferences or hearings in this action. [*See, e.g.*, D.E. 82, 86, 90, 96, 103, 107, 112, 120, 130].

### A. Withdrawal of Sam Patel's Counsel

Sam Patel was initially represented by Andrew Chigounis, Esq. of Saldutti Law Group. [D.E. 32]. On November 5, 2019, John P. Di Iorio, Esq. of Shapiro, Croland, Reiser, Apfel & Di Iorio, LLP ("Di Iorio") substituted in as counsel for Sam Patel. [D.E. 58]. Thereafter, on July 30, 2021, Di Iorio moved to withdraw as counsel for Sam Patel on the ground that Sam Patel had failed to satisfy his obligation to communicate with counsel. [D.E. 75]. Di Iorio certified that the motion to withdraw was served on Sam Patel. [D.E. 75-4].

On September 23, 2021, this Court granted Di Iorio's motion to withdraw, finding good cause to grant withdrawal "given Sam's repeated failure to respond to calls and emails concerning a potential settlement, and Mr. Di Iorio's warning to Sam that he and his firm would seek to withdraw if Sam did not respond." [D.E. 77 at 4 (raising a concern over whether Sam Patel would ever resume communicating with Di Iorio)]. The Order directed Di Iorio to serve it on Sam Patel and provide the Court with his mailing address. [*Id.*].[4] That Order further warned Sam Patel he would be deemed *pro se* if substitute counsel did not appear within 20 days. [*Id.* at 5]. As noted, no attorney entered an appearance on behalf of Sam Patel after Di Iorio's withdrawal, and Sam Patel has failed to appear for every conference since such withdrawal.

### B. Withdrawal of Plaintiff's Counsel

Plaintiff was initially represented by Avish Dhaniram, Esq., who was not admitted in this District Court. [D.E. 6]. To that end, on May 5, 2017, Stephen C. Gilbert, Esq. entered an appearance on behalf of Plaintiff. [D.E. 11]. On July 28, 2020, William A. Friedman, Esq. ("Friedman") of the Gaeta Law Firm, LLC ("Gaeta Firm") entered an appearance as Plaintiff's

---

[4] Di Iorio complied with these obligations. [*See, e.g.*, D.E. 78]. The mailing address for Sam Patel provided by Di Iorio was later changed by the Court upon request. [*See* D.E. 93, 94].

counsel. [D.E. 64]. Subsequently, Anthony N. Gaeta, Esq. ("Gaeta") of that law firm formally substituted in as Plaintiff's counsel. [D.E. 79].

On January 19, 2023, Barot reported that despite having reached a settlement in principle with Plaintiff, the settlement "was never memorialized because Plaintiff reportedly stopped communicating with his counsel and could not be reached." [D.E. 104]. On that same date, Barot filed a summary judgment motion. [D.E. 105]. During a status conference held on January 23, 2023, Friedman informed the Court he had not filed opposition to Barot's summary judgment motion because he was unable to reach Plaintiff. [*See* D.E. 107]. Plaintiff failed to oppose the summary judgment motion, which was subsequently granted and thus resulted in the dismissal of the second amended complaint with prejudice as to Barot. [D.E. 109, 110].

On March 10, 2023, Gaeta informed the Court he remained unable to contact Plaintiff, despite "hav[ing] made several attempts via e-mail, cell phone calls, and voice messages." [D.E. 108]. In a letter filed two months later, Friedman stated he was still working to re-establish communications with Plaintiff. [D.E. 111]. The Court thus directed Friedman and Gaeta to file an appropriate motion. [D.E. 112]. On June 5, 2023, Friedman filed a letter stating he had just received the first communication from Plaintiff via email in about a year, and requesting additional time to file an appropriate motion. [D.E. 113]. On June 15, 2023, Friedman filed a motion for an order permitting the Gaeta Firm to withdraw as Plaintiff's counsel. [D.E. 115].[5]

---

[5] Gaeta certified the motion was served on Plaintiff via email because they did not have his current mailing address. [D.E. 115-4]. The Court later ordered Gaeta to serve the motion at Plaintiff's last known mailing address by trackable delivery service. [D.E. 116]. Gaeta complied with that Order. [D.E. 118].

At a conference held on August 3, 2023, Friedman reported he was still unable to communicate with Plaintiff. [*See* D.E. 120]. On August 17, 2023, this Court granted the Gaeta Firm's motion to withdraw, finding good cause on the ground that "Plaintiff's repeated failure to respond to [the Gaeta Firm's] communications and fulfill obligations regarding [their] services has rendered representation unreasonably difficult." [D.E. 121 at 5]. The Order directed the Gaeta Firm to serve it on Plaintiff and provide the Court with his mailing address. [*Id.* at 6].[6] That Order warned Plaintiff he would be deemed *pro se* if substitute counsel did not appear within 30 days. [*Id.* at 7].[7] As noted, no attorney entered an appearance on Plaintiff's behalf after the Gaeta Firm's withdrawal, and Plaintiff has failed to appear for every conference since such withdrawal.

    C.    <u>Dismissal Orders</u>

On September 26, 2023, the District Court granted Barot's motion to dismiss for lack of prosecution and dismissed all crossclaims asserted by Sam Patel and Hospitality against Barot. [D.E. 128]. On September 28, 2023, it further entered an Order striking Hospitality's pleadings, dismissing its asserted crossclaims, and entering default against it. [D.E. 129].[8] Thus, the only remaining claims in this action are those asserted by: (i) Plaintiff against Atul Patel, Sam Patel, and Hospitality; and (ii) Sam Patel against Atul Patel, Hospitality, and Management.

---

[6] The Gaeta Firm complied with their obligations. [*See, e.g.*, D.E. 122].

[7] The Court issued another Order on that date, which reminded all litigants of their obligations to comply with the Court's Orders and all applicable rules and stating that failure to comply with those Orders and rules may result in sanctions, including the striking of pleadings and entry of default. [D.E. 120].

[8] On September 19, 2023, the District Court issued an Order scheduling an in-person conference for October 11, 2023, at 12:30 p.m., and stating that "[f]ailure to attend will result in sanctions, up to and including dismissal of the Complaint." [D.E. 125]. It appears the remaining parties did not appear.

D. <u>The September 29 Order and the October 19 Show Cause Hearing</u>

This Court noted in its September 29 Order that Plaintiff and Sam Patel have demonstrated a lack of interest in prosecuting their claims and advised them that their pleadings are subject to dismissal with prejudice for their repeated failures to comply with Orders, appear for conferences, and prosecute their claims. [D.E. 130 at 4-5]. To that end, this Court ordered Plaintiff and Sam Patel each to appear for an in-person show cause hearing on October 19, 2023, at 10:00 a.m., and to file a written submission by October 13, 2023, demonstrating why dismissal is not warranted and addressing the factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). [*Id.* at 5]. This Court expressly warned these parties that failure to comply with the September 29 Order could result in their claims being dismissed with prejudice, and without further warning. [*Id.*]. The Court directed the Clerk of Court to mail the September 29 Order to the appearing parties by regular and certified mail, return receipt requested.[9] [*Id.*].

The Clerk of Court mailed the September 29 Order to the parties, as directed, at the addresses on file with the Court, and filed a copy of the certified mail receipts sent to these parties on September 29, 2023. [*See* D.E. 130-1]. On October 26, 2023, the Court received the return receipt for the certified mailing sent to Sam Patel, which was signed by Sam Patel on or about October 2, 2023. [*See* D.E. 136].[10] On October 30, 2023, the Court received the certified mailing sent to Plaintiff with a "return to sender, unclaimed, unable to forward" stamp [D.E.

---

[9] Certified mail is a service provided by the United States Postal Service ("USPS") that "[p]rovides the sender with a mailing receipt as confirmation an item was sent." *See* Certified Mail® - The Basics, USPS, https://faq.usps.com/s/article/Certified-Mail-The-Basics (last visited on Nov. 28, 2023). This service "[m]ay be combined with Return Receipt Service to provide the sender proof of signature … [and] verification that an item was delivered or that a delivery attempt was made." [*Id.*].

[10] The USPS website confirms that this mailing was delivered and picked up on October 2, 2023. *See USPS Tracking*, USPS, https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1= 70181830000096056125 (last visited on Nov. 28, 2023).

137], which means that the "[a]ddressee abandoned or failed to call for mail."[11] Nonetheless, the Court has no record of the regular mailing sent to Plaintiff being returned for any reason, which suggests strongly it was received.[12] Plaintiff and Sam Patel each failed to appear for the in-person show cause hearing and to file the required written submission.[13] No other submission has been filed to date by either party.

## II.   DISCUSSION

The Federal Rules of Civil Procedure authorize the District Court, on motion or on its own, to impose sanctions, including dismissal, if a party "fails to appear at a scheduling or pretrial conference," or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A), (C), and 37(b)(2)(A)(v). The Court may also *sua sponte* dismiss an action for a litigant's failure "to prosecute [the action] or to comply with the[] [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has

---

[11] *See Mailer Services*, USPS, https://pe.usps.com/cpim/ftp/manuals/DMM300/507.pdf?_gl= 1*1llcpb4*_gcl_au*NjQ1MTY0ODY2LjE3MDA1OTk2NjQ (last visited on Nov. 28, 2023). Specifically, the USPS website states that, for this mailing, a notice was left for the recipient at the delivery address on October 3, 2023, because no authorized recipient was available, and that the mailing was later returned to sender as "unclaimed" on October 18, 2023. *See USPS Tracking*, USPS, https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=70181830000096056163 (last visited on Nov. 28, 2023). According to the USPS, this means that the mailing "require[d] a signature and no one was available to sign for it." *See Where is my package? Tracking Status Help*, USPS, https://faq.usps.com/s/article/Where-is-my-package?_gl=1*o6ards*_gcl_au*NjQ1MTY0ODY 2LjE3MDA1OTk2NjQ.#NO_AUTHORIZED_RECIPIENT (last visited on Nov. 28, 2023).

[12] Accordingly, this Court presumes receipt by Plaintiff of the mailing containing the September 29 Order. Importantly, Local Civil Rule 10.1 states, in relevant part, that "[c]ounsel and/or unrepresented parties must advise the Court of any change in their or their client's address within seven days of being apprised of such change by filing a notice of said change with the Clerk," and that "[f]ailure to file a notice of address change may result in the imposition of sanctions by the Court." L. Civ. R. 10.1(a); *see also Staples v. Bellafronte*, Civ. No. 17-6778, 2020 WL 360615, at *2 (D.N.J. Jan. 22, 2020).

[13] On October 19, 2023, this Court went on the record at the show cause hearing for the purpose of noting the remaining parties' failure to appear for the hearing.

generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). However, "dismissals with prejudice … are drastic [and extreme] sanctions." *Poulis*, 747 F.2d at 867.

In *Poulis*, the Third Circuit identified the following six factors that courts must ordinarily balance when deciding whether to issue an involuntary order of dismissal: (i) the extent of the party's personal responsibility; (ii) the prejudice caused to the adversary by the party's conduct; (iii) the history of dilatoriness; (iv) whether the conduct of the party was willful or in bad faith; (v) the effectiveness of sanctions other than dismissal; and (vi) the meritoriousness of the party's claim or defenses. *Id.* at 868. "None of the *Poulis* factors is alone dispositive, and … not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution." *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019) (citation omitted). However, when the litigant "refuses to proceed with his [or her] case or otherwise makes adjudication of [the] case impossible, a balancing of the *Poulis* factors is not necessary." *Abulkhair v. New Century Fin. Servs., Inc.*, 467 F. App'x 151, 153 (3d Cir. 2012) (citing *Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir.1994); *Guyer v. Beard*, 907 F.2d 1424, 1429-30 (3d Cir.1990)).

Here, Plaintiff and Sam Patel have both failed to prosecute their affirmative claims. Despite the Court's clear warnings concerning the possible consequences, they have each failed to comply with Court orders and to appear for multiple court appearances since being deemed *pro se* litigants. Moreover, these parties' failures to comply with their obligations led to their former counsel's withdrawal and, ultimately, to this action reaching a complete standstill. Additionally, not only have they failed to communicate concerning whether they intend to proceed with their claims, they have also failed to offer reasons for not complying with the

8

Court's Orders or otherwise participating in the prosecution of their cases. Accordingly, this Court concludes that the conduct of Plaintiff and Sam Patel has made it impossible to adjudicate their claims, and that a balancing of the *Poulis* factors is not necessary to recommend dismissal.

Nevertheless, even upon consideration of the *Poulis* factors, this Court finds dismissal appropriate. "The first *Poulis* factor requires an examination of the extent of the party's personal responsibility." *Bell v. LVNV Funding LLC*, Civ. No. 21-14152, 2022 WL 19558027, at *2 (D.N.J. Dec. 8, 2022) (citing *Poulis*, 747 F.2d at 868), *report and recommendation adopted*, 2023 WL 2987781 (D.N.J. Jan. 10, 2023). Plaintiff's and Sam Patel's failures to cooperate with former counsel resulted in counsel's withdrawal. Upon becoming *pro se* litigants, they altogether failed to comply with multiple Orders, including, in relevant part, the September 29 Order, which directed them to appear in person for a show cause hearing and to file written submissions demonstrating why dismissal is not warranted and addressing the *Poulis* factors. [D.E. 130]. They failed to do so despite this Court's express warnings that such failure could result in dismissal of their claims with prejudice. These parties' failure to communicate with the Court since withdrawal of their counsel suggests strongly that they do not intend to continue prosecuting their claims and have chosen intentionally to abandon them. Ultimately, *pro se* parties are "personally responsible for the progress of [their] case[s]." *Francvhille v. Cape May Cnty. Corr. Ctr.*, Civ. No. 22-1776, 2023 WL 5918045, at *2 (D.N.J. Aug. 24, 2023*), report and recommendation adopted sub nom.*, 2023 WL 5899904 (D.N.J. Sept. 11, 2023). Accordingly, under these circumstances, the first *Poulis* factor weighs strongly in favor of dismissal.

The second *Poulis* factor also favors of dismissal. While there is obvious prejudice caused to defending parties by a plaintiff's failure to prosecute, the Court notes that the defending parties have similarly failed to appear for multiple conferences and to comply with Orders. Ultimately, however, Plaintiff and Sam Patel have the burden to prosecute and prove their claims, and thus, their failure to prosecute this case has resulted in this 2016 action lingering with no momentum at all toward a resolution through negotiation or litigation.

Under the third and fourth *Poulis* factors, the Court considers the defaulting party's "pattern of dilatoriness" and willful or bad faith conduct. *Poulis*, 747 F.2d at 868 ("Time limits imposed by the [federal] rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history by counsel of ignoring these time limits is intolerable."). "'[E]xtensive' delay can create a history of dilatoriness." *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 135 (3d Cir. 2019) (citation omitted) (stating that "doing nothing" is also sufficient to create such a history). Indeed, "a consistent failure to obey orders of the [C]ourt, at the very least, renders a party's actions willful for the purposes of the fourth *Poulis* factor." *Yancey v. Wal-Mart Corp.*, Civ. No.15-6646, 2022 WL 972489, at *10 (D.N.J. Jan. 31, 2022) (citation and quotation marks omitted).

Here, Sam Patel and Plaintiff have been wholly non-compliant since their respective counsel withdrew from the action on or about September 23, 2021 and August 17, 2023, respectively. As these parties have made no effort to comply with their obligations in prosecuting their respective affirmative cases, this Court finds that their unresponsive and disinterested conduct has resulted in extensive delay and has been willful. Accordingly, the third and fourth *Poulis* factors weigh heavily in favor of dismissal of their claims.

The fifth *Poulis* factor also weighs in favor of dismissal. While "[d]ismissal must be a sanction of last, not first, resort," *Poulis*, 747 F.2d at 869, these parties' extensive and continued non-compliance demonstrate that alternative sanctions would be ineffective and futile. Further, monetary sanctions have been deemed improper or impractical in certain cases, and in this case, these *pro se* litigants have been unresponsive to this Court's Orders. Accordingly, the lack of appropriate and effective alternative sanctions further weighs in favor of dismissal.

Finally, the Court must evaluate the meritoriousness of the remaining claims by considering whether "the allegations of the pleadings, if established at trial, would support recovery … or would constitute a complete defense." *Poulis*, 747 F.2d at 868-70. "A court need not, however, 'balance both parties' claims and defenses' nor 'have a mini-trial before it can impose' a dismissal sanction." *Bell*, 2022 WL 19558027, at *4 (quoting *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 922 (3d Cir. 1992)). As there are not sufficient grounds to adequately evaluate the meritoriousness of the claims at issue at this juncture, the Court finds the final *Poulis* factor neutral. *See id.*; *see also In re Metformin Mktg. & Sales Pracs. Litig.*, Civ. No. 20-2324, 2023 WL 7000845, at *3 (D.N.J. Sept. 27, 2023), *report and recommendation adopted*, 2023 WL 7633159 (D.N.J. Nov. 13, 2023) (electing "not to address the sixth factor because 'the other factors ... weigh[ ] heavily in favor of dismissal'" (citation omitted)). Because a majority of the *Poulis* factors weigh heavily in favor of dismissal, this Court concludes that dismissal of Plaintiff's and Sam Patel's claims, and thus the entire action, is the appropriate remedy.

### III.   CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the District Court dismiss Plaintiff's and Sam Patel's claims with prejudice. The parties are advised that, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and L. Civ. R. 72.1(c)(2), they may file any objections to this Report and Recommendation within fourteen days of service of a copy thereof. The Clerk of the Court is directed to serve a copy of this Report and Recommendation on Plaintiff, Atul K. Patel, and Ghanshyam Patal a/k/a Sam Patel, and East Hanover Hotel and Conference Hospitality LLC by regular and certified mail, return receipt requested.

  /s/ *André M. Espinosa*  
ANDRÉ M. ESPINOSA  
United States Magistrate Judge

Dated:          November 28, 2023